■ CHARLES KENNEDY et al., Appellants, v DOMINICK LOMEI, Respondent.—In an action to rescind an agreement and to recover damages based on fraud, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Difede, J.H.O.), dated July 10, 1989, which, after a nonjury trial, dismissed their complaint and is in favor of the defendant on his counterclaim and against them in the principal sum of $46,000.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, Charles Kennedy (hereinafter Kennedy) entered into an agreement with the defendant whereby he bought for $52,000 the defendant's right to purchase, at wholesale price, bakery products manufactured by "Pellegrino Bakery" as well as other products in order to distribute them within a specified geographical area. Kennedy agreed to give the defendant a mortgage on a house owned by him and his mother, the plaintiff Veronica Kennedy, to secure part of the purchase price. Several months later, Pellegrino Bakery went out of business and the plaintiffs commenced this action against the defendant seeking a rescission of the agreement as well as damages for fraud. The plaintiffs claimed that the defendant, having sold to Kennedy a franchise, violated the disclosure provisions of General Business Law article 33,

which regulates franchises. Thus, the plaintiffs argued, had they been aware of the financial difficulties of Pellegrino Bakery, they would not have entered into the agreement.

Although the trial court did not specifically address this issue, we agree with the defendant that the agreement is not subject to the provisions of General Business Law article 33. The agreement between Kennedy and the defendant did not involve a franchise. Fifty percent of the products that Kennedy distributed were not products of Pellegrino Bakery. Also, Pellegrino Bakery in no way regulated or controlled Kennedy's sales activities (cf,. *Aristacar Corp. v Attorney-General of State of N. Y.,* 143 Misc 2d 551). Moreover, Kennedy did not pay a franchise fee, an essential element of a franchise under General Business Law § 681 (3) (a) and (b). Therefore, the agreement between the parties was not subject to the provisions contained in the General Business Law pertaining to franchises. Finally, there was no evidence demonstrating that the defendant knew that Pellegrino Bakery would go out of business. Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.